UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BENJAMIN CAULTON,

        Petitioner,

v.                                                                               Case No. 08-11259
                                                                      Honorable Gerald E. Rosen

CARMEN PALMER,

        Respondent.
_____/

## ORDER TRANSFERRING CASE TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)

Petitioner Benjamin Caulton, a state prisoner currently confined at the Michigan Reformatory in Ionia, Michigan, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that he is incarcerated in violation of his constitutional rights. In 1997, Petitioner, while imprisoned on another charge, was charged with third-degree criminal sexual conduct, MICH.COMP.LAWS § 750.520D(1)(b), as a result of an alleged sexual assault of a cellmate. He was convicted by a Macomb County, Michigan, Circuit Court jury, and, on May 13, 1997, was sentenced as a habitual offender–fourth, to a term of eight to twenty years imprisonment. Petitioner has filed a prior petition in federal court challenging the same conviction and sentence. For the reasons set forth below, the Court concludes that it must transfer this case to the United States Court of Appeals for the Sixth Circuit.

I.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et. seq.*, amended 28 U.S.C. §§ 2244, 2253, and 2254, govern habeas corpus proceedings in federal courts. Pursuant to those amendments, an individual seeking to file a

"second or successive" habeas petition must ask the appropriate court of appeals for an order directing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998); *In re Wilson*, 142 F.3d 939, 940 (6th Cir. 1998). This requirement transfers to the court of appeals a screening function which the district court previously performed. *Felker v. Turpin*, 518 U.S. 651, 664 (1996).

Petitioner has filed a prior habeas corpus petition challenging the same conviction at issue in this case, which was denied on the merits. *See Caulton v. Birkett*, No. 01-CV-40210, (E.D.Mich. Aug. 19. 2002) (Gadola, J.). On August 5, 2003, the United States Court of Appeals for the Sixth Circuit filed an order dismissing Petitioner's appeal. Petitioner has not obtained appellate authorization to file a subsequent petition as required by 28 U.S.C. § 2244(b)(3)(A).

II.

**ACCORDINGLY**, the Court **ORDERS** the Clerk of the Court to transfer this case to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631[1] and *Sims v. Terbush*, 111 F.3d 45, 47 (6th Cir. 1997) ("when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief . . . is

---

[1] 28 U.S.C. § 1631 provides in pertinent part:

Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . , and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it was transferred.

filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631").

**IT IS SO ORDERED**.

s/Gerald E. Rosen
Gerald E. Rosen
United States District Judge

Dated: October 22, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 22, 2008, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager